IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | **PATENT CASE** |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION | § § § § | |
| Defendants. | § | |

# COMPLAINT

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this Complaint against Philips Electronics North America Corporation ("Defendant" or "Philips") for infringement of United States Patent No. 8,788,090 (hereinafter "the '090 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. Upon information and belief, Defendant is a Delaware corporation with its principal office located at 3000 Minuteman Road, Andover, Massachusetts 01810. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to

commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '090 patent with sole rights to enforce the '090 patent and sue infringers.

10. A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

11. The '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 patent by making, using, importing, selling, and/or offering for sale a customizable personal security camera system covered by one or more claims of the '090 patent. Defendant has infringed and continues to infringe the '090

patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

13. Defendant sells, offers to sell, and/or uses security systems, including, without limitation, the Philips InSight Wireless Home Monitor system, and any similar systems, which infringe at least Claim 1 of the '090 Patent. The InSight Wireless Home Monitor system allows a user to place a camera or cameras, view live or recorded images and videos remotely, customize the camera display settings, and receive remote alerts when the system's detects noise or motion. The user can customize the state and/or operation of the camera or cameras through the use of preferences controlled via a device, such as a smart phone for example.

14. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

15. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

16. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

  (c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

  (d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

  (e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 6, 2015

        Respectfully submitted,


        */s/Jay Johnson*
        **JAY JOHNSON**
        State Bar No. 24067322
        **BAILEY K. HUBBARD**
        State Bar No. 24091462
        **BROWN FOX KIZZIA & JOHNSON PLLC**
        750 N. St. Paul Street, Suite 1320
        Dallas, Texas 75201
        (214) 613-3350
        Fax: (214) 613-3330
        jay@brownfoxlaw.com
        bailey@brownfoxlaw.com

        **ATTORNEYS FOR PLAINTIFF**